IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lakeva Greene-Winchester, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:20-cv-3830-BHH |
| v. ) | |
| ) | **ORDER** |
| Georgetown County School District, ) | |
| *Georgetown County, South Carolina*, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Lakeva Greene-Winchester's ("Plaintiff") complaint against Defendant Georgetown County School District ("Defendant"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII"). On December 10, 2021, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Thereafter, Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply.

On July 12, 2022, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment. Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. For the reasons set forth below, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As an initial matter, the Magistrate Judge's Report sets forth the relevant factual background and evidence of record in great detail, and no party has specifically objected

2

to this portion of the Report. Accordingly, the Court incorporates by specific reference the background facts set forth in the Report and repeats only what is necessary to evaluate Plaintiff's objections to the Magistrate Judge's Report, as set forth below.

**I.      Plaintiff's Discrimination Claim under Title VII**

In her Report, the Magistrate Judge first evaluated the scope of the administrative charge of discrimination ("charge") that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit. As the Magistrate Judge explained, only those discrimination claims stated in an administrative charge, those reasonably related to the original charge, and those developed by reasonable investigation of the original charge may be maintained in a subsequent lawsuit. *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Additionally, Title VII establishes certain limitations periods for filing a charge of discrimination: "the basic limitations period is 180 days after the alleged unlawful employment practice but can be extended to 300 days in a deferral state if state law proscribes the alleged employment practice and the charge is first filed with a state deferral agency." *Gerald v. Olsten*, No. 4:20-cv-2555-CMC-KDW, 2021 WL 1394669, at *2 (D.S.C. Feb. 9, 2021) (citation and internal quotation marks omitted), *report and recommendation adopted*, No. 4:20-cv-2555-CMC, 2021 WL 960509 (D.S.C. March 15, 2021).

Here, because Plaintiff filed her charge with the South Carolina Human Affairs Commission and the EEOC on October 21, 2019, the Magistrate Judge agreed with Defendant that Plaintiff's instant claims of discrimination are limited to the time period beginning 300 days before she filed her charge, i.e., the time period beginning on December 26, 2018. Notably, Plaintiff did not make any argument about the timeliness of

3

her claims in response to Defendant's motion; nor has Plaintiff filed any specific objections to the Magistrate Judge's findings on this issue. After review, the Court agrees with the Magistrate Judge's analysis and finds no clear error. Thus, the Court finds that any of Plaintiff's claims of discrimination based on employment decisions made before December 26, 2018, are time-barred.

Next, in her Report, the Magistrate Judge explained that Plaintiff has not offered direct evidence of discrimination on the basis of her race; therefore, the Magistrate Judge analyzed Plaintiff's claims under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). As the Magistrate Judge explained, the *McDonnell Douglas* framework places upon a plaintiff the initial burden of establishing a prima facie case of discrimination. Once the plaintiff establishes a prima facie claim, then the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the challenged employment action. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). "Finally, if the employer carries this burden, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the neutral reasons offered by the employer 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 253 (1983)).

Because Plaintiff's claims involve the alleged discriminatory failure to promote her to various assistant principal positions, the Magistrate Judge explained that plaintiff must present evidence that: (1) she is a member of a protected class; (2) she applied for the position(s) in question; (3) she was qualified for the position(s); and (4) she was rejected for the position(s) under circumstances giving rise to an inference of unlawful

4

discrimination. *Bryant v. Aiken Reg. Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003). In her Report, the Magistrate Judge outlined the relevant evidence and assumed, without deciding, that Plaintiff's complaint states a prima facie case of racial discrimination.

Next, the Magistrate Judge considered Defendant's stated reason for Plaintiff's failure to obtain the promotions at issue, namely, her poor performance during interviews as compared to her colleagues. The Magistrate Judge found sufficient evidence in the record to support this legitimate, non-discriminatory reason for failing to promote Plaintiff, referencing the testimony of Douglas Jenkins, Georgetown County School District's Executive Director for Human Resources, who explained that "the bulk of the selection process comes from the interview itself." (ECF No. 27-2 at 2:24-24:14.)

The Magistrate Judge next found that Plaintiff failed to produce evidence to show that Defendant's proffered legitimate reason was a pretext for discrimination, explaining that Plaintiff cannot establish pretext by relying on criteria of her choosing or her own self-assessment. (*See* ECF No. 30 at 15 (setting forth the applicable law).) Ultimately, the Magistrate Judge explained that, although Plaintiff was certainly qualified for the position based on her education, years of teaching, leadership experience, and recommendations, Plaintiff failed to offer evidence to indicate that the interview panel's recommendations were based on Plaintiff's race. As the Magistrate Judge explained:

> [W]ith regard to the 2019-2020 interview cycle, Plaintiff testified that she does not have any reason to believe that any of the interview panel members would rate her poorly because of her race, ECF No. 27-5 at 77:19-78:23, and it is undisputed that she was rated at the bottom of the eight-person list of those interviewed on August 7, 2019, ECF No. 24-4. With regard to the 2020-2021 panel, Plaintiff admitted that she has no evidence that the interview panel bore any grudge or animus against her because of her race, ECF No. 27-5 at 85:9-22, and it is undisputed that she was rated second-to-last among the eleven people interviewed.

5

(ECF No. 30 at 17.) Thus, the Magistrate Judge found no genuine issue of material fact as to pretext based on Plaintiff's failure to point to evidence to show that the interview panel's findings, or the selections of the decision-makers at issue, were the result of anything other than their honest impressions of the applicants' performance during interviews, or the applicants' relative suitability for the positions.

In her objections, Plaintiff asks the Court to deny Defendant's motion for summary judgment and let the case proceed to a jury. Specifically, Plaintiff objects to the Magistrate Judge's finding that there is evidence in the record to support Defendant's legitimate, non-discriminatory reason for not promoting Plaintiff. (ECF No. 31 at 6.) Plaintiff asserts that "a concerning amount" of the interview notes that Defendant produced were "incomplete or present no indication of the performance of the interviewee during the interview." (*Id.* at 7 (quoting ECF No. 27 at 10).) Plaintiff also asserts that there is little to no basis to substantiate Defendant's assertion that the interview is the most important aspect for hiring a candidate. Plaintiff states:

> Here, though it may be true that the Defendant has provided *some* explanation that its rejection of Plaintiff was for just cause and not discriminatory (that the Plaintiff allegedly performed poorly during interviews), the Plaintiff's dispute of that evidence in that she holds more high qualifications, without any debate, to recommend her for the assistant principal role and that the Defendant's summary of the rankings of the candidates coupled with the skeletal interview notes from the interviewing panels and the hiring of numerous white individuals who competed against her with lesser qualifications as shown in the Plaintiff's opposition to the Defendant's motion demonstrably shows that the Defendant's reasoning was not due to interview performance.

(ECF No. 31 at 8.)

After a de novo review, the Court finds Plaintiff's objections wholly without merit.

Stated plainly, Plaintiff has utterly failed to point to any evidence that creates a genuine issue of material fact as to whether Defendant's legitimate, nondiscriminatory reason for not promoting Plaintiff was a pretext for discrimination. To the contrary, the evidence of record indicates that although Plaintiff met the qualifications for the available positions, she scored at or near the bottom of the two interview panels in 2019 and 2020, and Plaintiff has not produced any evidence to indicate that the outcome of the interviews or the decision-making process was the result of racial discrimination. Additionally, nowhere in her objections does Plaintiff respond to the Magistrate Judge's reliance on *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248 (4th Cir. 2005), and the Court agrees with the Magistrate Judge that the reasoning in *Anderson* is persuasive here. Ultimately, although Plaintiff may have exceeded the educational requirements and had more experience than others, Plaintiff may not establish pretext by relying on criteria of her choosing when the evidence–undisputed by Plaintiff–indicates that a candidate's interview performance carried the most weight during the hiring process.

## **CONCLUSION**

In conclusion, the Court finds that the Magistrate Judge accurately summarized the facts and evidence of record and applied the correct principles of law, and the Court finds no merit to Plaintiff's objections. Therefore, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 30); overrules Plaintiff's objections (ECF No. 31); and grants Defendant's motion for summary judgment (ECF No. 24),thereby dismissing this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 30, 2022
Charleston, South Carolina